IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| **BEVERLY NORMANDIN,**  *Plaintiff*,  v.  **PHILLIPS & COHEN ASSOCIATES, LTD.**  *Defendant*. | Case No.: |

### DEFENDANT PHILLIPS & COHEN ASSOCIATES, LTD.'S NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN, MILWAUKEE DIVISION, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Phillips & Cohen Associates, Ltd. ("PCA"), by counsel, removes this action from the Civil Division of the Circuit Court for Milwaukee County, Wisconsin to the United States District Court, Eastern District of Wisconsin, Milwaukee Division. Removal is proper because this Court has subject matter jurisdiction by way of diversity and federal question jurisdiction pursuant to 28 U.S.C. § 1331. In support of its Notice of Removal, PCA states the following:

### I. BACKGROUND

1. On or about December 29, 2021, Plaintiff, Beverly Normandin ("Plaintiff"), on behalf of herself and all others similarly situated, filed the Complaint in this action in the Civil Division of the Circuit Court for Milwaukee County, Wisconsin.

2. PCA was served with the Complaint on February 17, 2022. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

3. A copy of all process, pleadings, and orders served upon PCA in this action are attached as **EXHIBIT A**.

## II. FEDERAL QUESTION JURISDICTION

4. PCA denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff has been damaged. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, she could have originally filed the Complaint in this Court under federal question jurisdiction. Plaintiff asserts claims under the Fair Debt Collection Practice Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), which arise under the laws of the United States. *See Complaint* ¶ 1; ¶¶ 29-36; *Count I*, ¶¶ 51-54.

5. Under 28 U.S.C. § 1331, federal courts have original jurisdiction of all cases that arise under federal law, and such cases are explicitly within this Court's federal question jurisdiction. The FDCPA is a federal statute that arises under federal law. Therefore, this Court has federal question jurisdiction over this action because Plaintiff's claim arises under the FDCPA. This case is removeable to this Court under 28 U.S.C. § 1331.

6. This Court also has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, because the Court has original jurisdiction over the federal question claims, and each of the state law claims is so related to the federal claims that they form part of the same case or controversy.

## III. DIVERSITY JURISDICTION

7. In addition, Plaintiff could have originally filed the Complaint in this Court under diversity jurisdiction. 28 U.S.C. § 1332 provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

8. Here, both the requirements for original diversity jurisdiction under 18 U.S.C. § 1332 are satisfied.

## Diversity of Citizenship

9. To determine the plaintiffs' citizenship in a class action, the court examines the citizenship of the named plaintiffs only. *F. & H.R. Farman-Farmaian Consulting Engineers Firm v. Harza Engineering Co.,* 882 F.2d 281, 284 (7th Cir. 1989), *cert. denied,* 497 U.S. 1038, 111 L. Ed. 2d 809, 110 S. Ct. 3301 (1990). The only named Plaintiff, Beverly Normandin, alleges she resides in Milwaukee County, Wisconsin. *Complaint* ¶ 2. PCA is informed and believes, and thereon alleges, that Plaintiff is a citizen of Wisconsin.

10. Defendant PCA is a New Jersey Corporation with its principal place of business in Wilmington, Delaware. Accordingly, for purposes of determining diversity of citizenship, PCA is a citizen of New Jersey and Delaware. *See Wachovia Bank, Nat'l Ass'n v. Schmidt,* 546 U.S. 303, 318, 126 S. Ct. 941, 951-52 (2006).

11. Because Plaintiff and PCA are citizens of different states, complete diversity of citizenship exists pursuant to 18 U.S.C. § 1332.

## Amount in Controversy

12. For a defendant to successfully remove a class action based on diversity jurisdiction, at least one of the named plaintiffs must have a claim that exceeds the $75,000 threshold. *In re Brand Name Prescription Drugs Antitrust Litigation,* 123 F.3d 599, 607 (7th Cir. 1997), *cert. denied,* 522 U.S. 1153 (1998); *Garbie v. DaimlerChrysler Corp.,* 211 F.3d 407, 409 (7th Cir. 2000). If one named plaintiff exceeds that amount, any other named plaintiffs "and the unnamed class members can, by virtue of the supplemental jurisdiction conferred on the federal

district courts by 28 U.S.C. § 1367, piggyback on that plaintiff's claim." *Brand Name Prescription,* 123 F.3d at 607.

13. All of the claims of a single plaintiff against a defendant are aggregated to meet the jurisdictional amount required for 28 U.S.C. § 1332. *Herremans v. Carrera Designs,* 157 F.3d 1118, 1121 (7th Cir. 1998). Here, Plaintiff's Class Complaint seeks "actual damages; statutory damages, injunctive relief; attorneys' fees; litigation expenses and costs of suit; and such other or further relief as the Court deems proper." *Complaint,* p. 11, ¶¶ (a)-(e). All of these categories are included in calculating whether a case exceeds the jurisdictional minimum. *See e.g.*, *Cadek v. Great Lakes Dragaway, Inc.,* 58 F.3d 1209, 1211-12 (7th Cir. 1995) (statutory damages); *Gardynski-Leschuck v. Ford Motor Co.,* 142 F.3d 955, 958 (7th Cir. 1998) (attorneys' fees).

14. Given Plaintiff's request for actual damages, statutory damages, and attorneys' fees, Plaintiff's claimed damages exceed the $75,000.00 amount in controversy threshold.

## IV. REMOVAL TO THIS COURT

15. Removal to this Court is appropriate pursuant to 28 U.S.C. § 1441 because this district and division embrace the Circuit Court of Milwaukee County, Wisconsin, which is the forum from which this case has been removed. *See* 28 U.S.C. § 1441(a).

## V. NOTICE

16. Concurrent with filing this Notice of Removal, PCA will file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Milwaukee County, Wisconsin. This Notice of Filing of Notice of Removal will give written notice of the removal to all adverse parties. *See* 28 U.S.C. § 1446(d).

17. PCA is the only defendant in this case. Thus, all defendants have joined in removing this case.

## VI.   RESERVATION OF RIGHTS

18. PCA denies the allegations contained in Plaintiffs' Complaint and files this Notice of Removal without removing any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

19. Further, PCA does not concede in any way that the allegations in the Complaint are accurate, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

20. If any questions arise as to the propriety of the removal of this action, PCA requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, PCA hereby removes this action to this Court and seeks all other relief this Court deems equitable and just.

Dated:   March 18, 2022.                                Respectfully submitted:

PHILLIPS & COHEN ASSOCIATES, LTD.

By: **/s/ *Kevin M. LeRoy*** 
Kevin M. LeRoy (WI State Bar No.: 1105053)

Kevin M. LeRoy
TROUTMAN PEPPER HAMILTON SANDERS LLP
227 W. Monroe Street, Suite 3900
Chicago, IL  60606
Telephone: 312.759.1938
E-mail:        Kevin.LeRoy@troutman.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March 2022, a true and correct copy of the foregoing *Notice of Removal* was sent via electronic mail to the following counsel of record:

Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
meldridge@ademilaw.com
*Counsel for Plaintiff*

By: **/s/ *Kevin M. LeRoy***
Kevin M. LeRoy (WI State Bar No.: 1105053)

*Counsel for Phillips & Cohen Associates, Ltd.*